IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRENCE L. DAVIS,

      Plaintiff,                        No. CIV S-11-1027 CKD P

    vs.

SAC CO. JAIL, et al.,             ORDER AND ORDER DIRECTING SERVICE

      Defendants.                BY THE UNITED STATES MARSHAL

                            /        WITHOUT PREPAYMENT OF COSTS

        Plaintiff is proceeding in forma pauperis pursuant to 28 U.S.C. § 1915. By order filed November 21, 2011, the court determined that service of the complaint is appropriate for defendants Hernandez and Woodward and ordered plaintiff to provide information for service of process on form USM-285, a completed summons, sufficient copies of the complaint for service, and a notice of compliance. Plaintiff has filed the required papers. Accordingly, IT IS HEREBY ORDERED that:

        1. The Clerk of the Court is directed to forward to the United States Marshal the instructions for service of process, the completed summons, copies of the complaint, copies of the form Consent to Proceed Before a United States Magistrate Judge, and copies of this order.

        2. Within fourteen days from the date of this order, the United States Marshal shall notify defendants Hernandez and Woodward of the commencement of this action and

1

1  request a waiver of service of summons in accordance with the provisions of Fed. R. Civ. P. 4(d)
2  and 28 U.S.C. § 566(c).
3       3. The United States Marshal shall retain the sealed summons and a copy of the
4  complaint in its file for future use.
5       4. The United States Marshal shall file returned waivers of service of summons as
6  well as any requests for waivers that are returned as undelivered as soon as they are received.
7       5. If a defendant waives service, the defendant is required to return the signed
8  waiver to the United States Marshal. The filing of an answer or a responsive motion does not
9  relieve a defendant of this requirement, and the failure to return the signed waiver may subject a
10 defendant to an order to pay the costs of service pursuant to Fed. R. Civ. P. 4(d)(2).
11      6. If a defendant does not return a waiver of service of summons within sixty
12 days from the date of mailing the request for waiver, the United States Marshal shall:
13      a. Personally serve process and a copy of this order on the defendant in
14      accordance with Fed. R. Civ. P. 4 and 28 U.S.C. § 566(c) and shall
15      command all necessary assistance from the California Department of
16      Corrections and Rehabilitation (CDCR) or any last known employer of a
17      defendant to execute this order. The United States Marshal shall maintain
18      the confidentiality of all information so provided pursuant to this order.
19      b. File, within fourteen days after personal service is effected, the return
20      of service, along with evidence of any attempts to secure a waiver of
21      service of summons and of the costs subsequently incurred in effecting
22      service on the defendant. Such costs shall be enumerated on the USM-285
23      form and shall include the costs incurred by the United States Marshal's
24      office for photocopying additional copies of the summons and complaint
25      and for preparing new USM-285 forms, if required. Costs of service will
26 /////

be taxed against the personally served defendant in accordance with the provisions of Fed. R. Civ. P. 4(d)(2).

7. Defendants shall reply to the complaint within the time provided in Fed. R. Civ. P. 12(a).

8. Unless otherwise ordered, all motions to dismiss, motions for summary judgment, motions concerning discovery, motions pursuant to Fed. R. Civ. P. 7, 11, 12, 15, 41, 55, 56, 59 and 60, and E.D. Cal. R. 110, shall be briefed pursuant to L.R. 230(l). Failure to timely oppose such a motion may be deemed a waiver of opposition to the motion. See L.R. 230(l). Opposition to all other motions need be filed only as directed by the court.

9. If plaintiff is released from prison while this case is pending, any party may request application of other provisions of L.R. 230 in lieu of L.R. 230(l). Until such a motion is granted, the provisions of L.R. 230(l) will govern all motions described in #7 above regardless of plaintiff's custodial status. See L.R. 102(d).

10. Pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003), the court hereby informs plaintiff of the following requirements for opposing a motion to dismiss for failure to exhaust administrative remedies pursuant to Fed. R. Civ. P. 12(b). Such a motion is a request that the court dismiss without prejudice any unexhausted claims. The moving party may submit affidavits or declarations under penalty of perjury and admissible documents to support the motion to dismiss. To oppose the motion, plaintiff may likewise file declarations under penalty of perjury and admissible documents. Plaintiff may rely on plaintiff's statements made under penalty of perjury in the complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff specifies the parts of the complaint on which plaintiff relies. Plaintiff may also rely on one or more affidavits or declarations sworn to by other persons who have personal knowledge of relevant matters. In addition, plaintiff may rely on written records, but plaintiff must prove that the records are what plaintiff asserts they are. If plaintiff fails to contradict defendant's evidence with admissible evidence, the court may rely on

1  defendant's evidence.  In the event both sides submit matters outside of the pleadings, the court
2  may look beyond the pleadings and decide disputed issues of fact.  If plaintiff does not file a
3  written opposition to the motion, the court may consider the failure to act as a waiver of
4  opposition to the motion.  See L.R. 230(l).  If the court grants the motion to dismiss, whether
5  opposed or unopposed, plaintiff's unexhausted claims will be dismissed without prejudice.

6        11.  Pursuant to Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc),
7  and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988), the court hereby informs plaintiff of
8  the following requirements for opposing a motion for summary judgment pursuant to Fed. R.
9  Civ. P. 56.  Such a motion is a request for an order for judgment in favor of the defendant
10 without trial.  A defendant's motion for summary judgment will set forth the facts that the
11 defendant contends are not reasonably subject to dispute and that entitle the defendant to
12 judgment.  To oppose a motion for summary judgment, plaintiff must show proof of his or her
13 claims.  Plaintiff may do this in one or more of the following ways.  Plaintiff may rely on
14 plaintiff's statements made under penalty of perjury in the complaint if the complaint shows that
15 plaintiff has personal knowledge of the matters stated and plaintiff specifies those parts of the
16 complaint on which plaintiff relies.  Plaintiff may serve and file one or more affidavits or
17 declarations setting forth the facts that plaintiff believes prove plaintiff's claims; the person who
18 signs an affidavit or declaration must have personal knowledge of the facts stated.  Plaintiff may
19 rely on written records, but plaintiff must prove that the records are what plaintiff asserts they
20 are. Plaintiff may rely on all or any part of the transcript of one or more depositions, answers to
21 interrogatories, or admissions obtained in this proceeding.  If plaintiff fails to contradict the
22 defendant's evidence with counteraffidavits or other admissible evidence, the court may accept
23 defendant's evidence as true and grant the motion.  If there is some good reason why such facts
24 are not available to plaintiff when required to oppose a motion for summary judgment, the court
25 will consider a request to postpone consideration of the defendant's motion.  See Fed. R. Civ. P.
26 56(d).  If plaintiff does not serve and file a written opposition to the motion, or a request to

postpone consideration of the motion, the court may consider the failure to act as a waiver of opposition to the defendant's motion. See L.R. 230(l). If the court grants the motion for summary judgment, whether opposed or unopposed, judgment will be entered for the defendant without a trial and the case will be closed as to that defendant.

12. Unsigned affidavits or declarations will be stricken, and affidavits or declarations not signed under penalty of perjury have no evidentiary value.

13. Each party proceeding without counsel shall keep the court informed of a current address at all times while the action is pending. Any change of address must be reported promptly to the court in a separate document captioned for this case and entitled "Notice of Change of Address." A notice of change of address must be properly served on other parties. Service of documents at the address of record for a party is fully effective. See L.R. 182(f). A party's failure to inform the court of a change of address may result in the imposition of sanctions including dismissal of the action.

14. The Clerk of the Court shall serve on plaintiff a copy of the Local Rules of Court.

15. The failure of any party to comply with this order, the Federal Rules of Civil Procedure, or the Local Rules of Court, may result in the imposition of sanctions including, but not limited to, dismissal of the action or entry of default. See Fed. R. Civ. P. 41(b).

Dated: December 30, 2011

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

/mp
davi1027.8